## OLSEN v. ERWIN et al.   (No. 1206.)

(Court of Civil Appeals of Texas. El Paso. April 7, 1921. Rehearing Denied April 21, 1921.)

Mines and minerals ⬢═◗78(5)—Grantor of fraction of land subject to lease could not. waive failure to drill or pay rental so as to bind grantee.

Where tract of land was subject to 'oil and gas lease, and lessor sold a fraction thereof to one having knowledge of the existence of the lease, a waiver by grantor of lessee's failure to drill or pay a rental in lieu thereof when due did not bind grantee.

Error from District Court, Callahan County; W. R. Ely, Judge.

Suit by J. H. Erwin and others against A. J. Olsen. Judgment for plaintiffs, and

defendant brings error. Affirmed in part, and reversed and rendered in part.

B. W. Patterson, of Cisco, for plaintiff in error.

Dallas Scarborough, of Abilene, for defendants in error.

HIGGINS, J. The material facts in this case are as follows:

T. E. Brandon and wife signed and acknowledged a mineral lease conveying to W. P. Clements all the oil and gas in and under 201 acres of land owned by the Brandons. The instrument was dated February 14, 1918, and provided that if operations for the drilling of a well were not commenced on the land on or before February 14, 1919, the lease should terminate unless the lessee paid to the lessors $201 on or before the date last mentioned, which payment would defer the necessity of beginning drilling operations for another 12 months. It was provided that these rental payments might be deposited in the Farmers' State Bank of Putnam, Tex., to lessor's credit. The instrument gave to the lessee the right to assign and contained the other provisions commonly found in oil and gas leases. Brandon's title was not satisfactory to Clements, and the lease was placed in escrow with the Farmers' State Bank to be delivered to Clements when the title had been cleared by Brandon and approved by Clements. It does not appear that there was any agreement as to the time within which the title was to be cleared and approved.

By transfer, dated March 7, 1918, Clements assigned to J. W. Hartman & Son all of his rights under the Brandon lease, and on the same date an escrow agreement between them was entered into to the effect that a check for $804 given by Hartman & Son for the assignment was to be held by the Farmers' State Bank until the title to the Brandon land had been approved by the attorney for Hartman & Son when the check was to be delivered to Clements and the Brandon lease delivered to Hartman & Son. Any defects in the title were to be cured by Clements.

By general warranty deed dated July 23, 1918, but not delivered and accepted until December 27, or 28, 1918, Brandon and wife conveyed to A. J. Olsen, plaintiff in error, 90 acres of the land embraced in the lease to Clements. This deed makes no mention of the Clements lease, but there is evidence that at the time of the delivery and acceptance of the deed Olsen had notice of the Clements lease and accepted the title subject thereto.

On February 25, 1919, Olsen gave to R. S. Harris a mineral lease upon the 90-acre tract. Harris acquired said lease for a valuable consideration and without notice of the Brandon-Clements lease.

Title to the land was not made satisfactory to Hartman & Son until June 24, 1919, upon which date they accepted the same and the escrow agreements were consummated.

The drilling of a well upon the 201 acres had not been commenced by February 14, 1919, nor had any rentals been paid for the privilege of deferring drilling operations as stipulated in the Clements lease. Immediately upon the acceptance of the title by Hartman & Son, on June 24, 1919, they deposited in said Farmers' State Bank the sum of $201, of which amount $90 was directed to be placed to the credit of Olsen as his proportionate share of the rental due February 14, 1919, under the terms of the Clements lease, and the remaining $111 was placed to Brandon's credit. Olsen declined to accept the money so placed to his credit.

Subsequently this suit was brought by J. H. Erwin, J. W. Hartman, Charles Hartman, and H. L. Winchell, claiming under the lease to Clements and the assignment to J. W. Hartman & Son against the said Olsen and Harris. In effect the suit was to establish their superior right and title to the minerals in the 90-acre tract and in the alternative to recover damages against Olsen for having wrongfully conveyed the minerals to an innocent purchaser whereby the plaintiffs had been deprived of the value thereof.

Upon trial without a jury judgment in favor of Harris was rendered upon the theory that he was an innocent purchaser for value. The plaintiffs recovered judgment against Olsen upon their alternative plea for damages in the sum of $2,670. Findings of fact and conclusions of law were not filed by the trial court. From the judgment rendered Olsen prosecutes this writ of error.

By appropriate assignment plaintiff in error presents the proposition that the undisputed evidence shows that drilling operations had not been commenced by February 14, 1919, nor any rentals paid in lieu thereof by said date as stipulated in the Brandon-Clements lease whereby the lease was terminated, and he is therefore not liable for his action in conveying the minerals in his land to Harris. This is well taken. The most that can be said against Olsen is that he acquired title in December, 1918, with notice of the Clement's lease and subject thereto. His title was subject only to the terms of the lease as it was written. It is not pretended that he waived any of his rights or agreed to extend beyond February 14, 1919, the time within which drilling operations were to be commenced or rentals paid in lieu thereof. After December 28, 1918, the Brandons could not make a waiver or agreement of that nature which would bind Olsen. Indeed, there is no evidence that they did so except that when the title was finally accepted in June, 1919, the Brandon share of the rental was accepted by Mrs. Brandon; her husband having theretofore died. This acceptance would preclude her

from taking any advantage of failure to pay by February 14, 1919, but would not affect Olsen's rights.

We therefore conclude that the failure by the lessee Clements and his assigns to comply with the provision of the lease relative to drilling a well or paying rental in lieu thereof by February 14, 1919, terminated the same as to the 90 acres acquired by Olsen, and that he had the right to convey the minerals in his land to Harris. Upon this view the defendants in error have no cause of action.

Plaintiffs in error present additional assignments, all of which have been considered. They are regarded as presenting no error and are overruled.

The judgment rendered against Olsen is reversed and here rendered. In all other respects the judgment of the trial court is undisturbed.

Affirmed in part; reversed and rendered in part.